IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LATRELL ADAMS**                                                                                           **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 5:08-cv-154-DCB-MTP**

**CHRISTOPHER EPPS, J. BANKS,**
**SANDRA JACKSON AND B. SHUCKROW**                                              **DEFENDANTS**

<u>ORDER</u>

This cause comes before this court on plaintiff's Motion for Preliminary Injunction [4]. The Court upon consideration of the Plaintiff's motion, has come to the following conclusion.

In order to obtain injunctive relief, a Plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985)(*citing Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for a preliminary injunction and/or temporary restraining order rests in the sound discretion of the trial court. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a preliminary injunction and/or temporary restraining order. *Id*. at 572. The four prerequisites are: (1) a substantial likelihood that Plaintiff will prevail on the merits; (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to Plaintiff outweighs the threat and harm the injunction may do to Defendants; and (4) granting the injunction will not disserve the public interest. *Id.* at 572. Each requirement must be met before the Court can grant such a drastic remedy as a preliminary injunction and/or temporary restraining order. *Mississippi Power & Light Co.*, 760 F.2d at 621. In considering these prerequisites the Court must bear in mind that a

preliminary injunction and/or temporary restraining order is an <u>extraordinary and drastic remedy</u> which should not be granted unless the movant clearly carries the burden of persuasion.  The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits.  *Canal Authority of State of Florida*, 489 F.2d at 573. This Court concludes that it will be able to render a meaningful decision without granting a preliminary injunction and/or temporary restraining order. There is no substantial threat that Plaintiff will suffer irreparable injury if the preliminary injunction and/or temporary restraining order is not granted.

    Hence, in light of the foregoing prerequisites and standards, it is clear that Plaintiff's motion for a preliminary injunction,  should be denied without a hearing. Therefore, it is hereby,

    ORDERED that Plaintiff's Motion for Preliminary Injunction [4] is **DENIED.**

    SO ORDERED, this the   16th   day of  April, 2008.

                                                                 s/ David Bramlette  
                                            UNITED STATES DISTRICT JUDGE