**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LATRELL ADAMS** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 5:08cv154–DCB-MTP**

**CHRISTOPHER EPPS, et al.** **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the Motion for Preliminary Injunction [33] filed by the Plaintiff. Having considered the motion and the applicable law, the undersigned recommends that the Motion [33] be DENIED.

*Pro se* plaintiff Latrell Adams filed this lawsuit on February 26, 2008, complaining about exposure to unreasonable levels of second-hand smoke at Wilkinson County Correctional Facility ("WCCF"). He states that he is housed in a room with an inmate who smokes four packs of cigarettes a day, and the defendants have refused to put him in a room with a non-smoker. In addition, he claims that outside of his room inmates smoke anywhere they want, exposing him to high levels of cigarette smoke 24 hours a day.

In his Motion, plaintiff asks this court to intervene to prevent him from being transferred to the Mississippi State Penitentiary in Parchman, Mississippi ("Parchman") in retaliation for filing the instant lawsuit. Plaintiff claims that his life would be in "imminent danger" if he were transferred to Parchman because of the presence of gang members. He also claims that the secondhand smoke environment is even worse at Parchman than at WCCF because inmates are allowed to smoke wherever they want and there is no ventilation system.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a

substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" on each of the four elements of the analysis. *White v. Carlucci,* 862 F.2d 1209, 1211 & n.1 (5th Cir. 1989) (stating that "[w]ithout question, the irreparable harm element must be satisfied by independent proof" and affirming denial of injunction). When, as here, the movant cannot carry that burden, extraordinary relief is properly denied. *See Harris v. Wilters,* 596 F.2d 678, 680 (5th Cir. 1979) (affirming denial of injunctive relief and describing issuance of preliminary injunction as proper "[o]nly in rare instances")

The court finds that the Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to make a clear showing of irreparable harm. In order to succeed on an Eighth Amendment claim for exposure to environmental tobacco smoke ("ETS"), the Plaintiff must show that he is exposed to unreasonably high levels of ETS and that the prison officials demonstrated deliberate indifference to his situation. *See Callicutt v. Anderson*, 48 Fed. Appx. 916, 2002 WL 31114947, at *1 (5th Cir. Sept. 11, 2002); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). The Plaintiff has failed to establish either of these elements at this stage of the litigation.[1]

---

[1] By Order [22] dated April 17, 2008, the court denied a previous Motion for Preliminary Injunction [4] in which plaintiff requested that the court compel the Mississippi Department of Corrections to provide him with medical care for secondhand smoke-related illnesses, and to place him in a non-smoking environment.

With respect to plaintiff's request not to be transferred to Parchman, plaintiff has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, 2006 WL 3825236, at * 4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, 2002 WL 1610584, at * 3 (N.D. Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007). It is well-settled that prison officials are given wide latitude in the daily operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). The court notes that plaintiff has not even established that he is going to be transferred to Parchman. Rather, he has made a vague and unsubstantiated allegation that WCCF "has a de facto policy of transfering [*sic*] inmates who file lawsuits against them to Mississippi State Prison" and that he "has been told" (he does not identify by whom) that he will be transferred there.

Moreover, there is insufficient evidence in the record to support plaintiff's allegation that he would be in imminent danger at Parchman. *See Basey v. Mooneyham*, 172 Fed. Appx. 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger" due to an alleged assault by prison officials); *Hines*, 2007 WL 891880, at * 14 (denying request for injunctive relief and transfer to another prison based on prisoner's fear of retaliation from prison officers because plaintiff's "wholly unsubstantiated allegations are the rankest form of speculation"). In support of his Motion, plaintiff has attached a Memorandum Opinion dated November 15, 2007 [33-2] from a case he filed in 2007 in the Northern District of Mississippi

(Greenville Division ) (Case No. 4:07cv131-P-B). In that lawsuit, plaintiff sought transfer from Parchman[2] to the Kentucky Department of Corrections under the Interstate Corrections Compact, Miss. Code Ann. § 47-5-1351. Plaintiff argued that his life was in danger based on death threats he was receiving at Parchman from gang members. In its Memorandum Opinion, the court considered plaintiff's allegations that he had received death threats at Parchman. However, the court found that plaintiff's situation was "not extreme enough to warrant judicial intervention" because he had used the "Red Tag" procedure to identify inmates who posed a threat to him and had been placed on protective custody. The court did note that plaintiff had recently been transferred to WCCF and, therefore, "appear[ed] to be in the safest environment in which the Mississippi Department of Corrections [could] house him...." Although this may establish that plaintiff had *previously* been in danger at Parchman, it does not establish that plaintiff would *currently* be in imminent danger of harm if he were to be transferred back to Parchman. Extraordinary relief in the form of a preliminary injunction is not warranted.

RECOMMENDATION

As the Plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motion for Preliminary Injunction [33] be DENIED.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

[2] When this lawsuit was filed, plaintiff was incarcerated at Parchman. He was transferred to WCCF on August 23, 2007.

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 12th day of August, 2008.

s/ Michael T. Parker
United States Magistrate Judge