IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                                                                          PLAINTIFF

VS.                                                      **CIVIL ACTION NO. 5:08-CV-154-DCB-MTP**

CHRISTOPHER EPPS, ET AL.                                                                   DEFENDANTS

### ORDER ON MOTIONS

THIS PRISONER CIVIL RIGHTS MATTER is before the court on the plaintiff's various motions. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1. Plaintiff's motion to amend/correct complaint [51] is granted. In his motion, plaintiff seeks only to make minor changes to the relief he is seeking. He does not seek to add any additional parties or claims. Moreover, defendants do not oppose the motion. Accordingly, the motion shall be granted. Plaintiff need not file any additional pleadings, as his complaint shall be deemed amended as set forth in his motion.

2. Plaintiff's motion for trial on the merits [53] is denied as premature. Plaintiff requests that a trial be set "as soon as the docket allows." However, the deadline for filing dispositive motions is December 15, 2008. Once any dispositive motions have been filed and ruled upon, the court will set the matter for trial if necessary. If no dispositive motions are filed, the court will set the matter for trial upon expiration of the motions deadline. In either event, plaintiff's motion is premature at this time. Moreover, plaintiff's numerous motions to amend the pleadings to change his claims, add parties, for class action treatment and other relief must be addressed before the matter may be set for trial.

  3. Plaintiff's motion for jury trial [54] is granted as unopposed.  If and when this case proceeds to trial, it shall be set for a jury trial.

  4. Plaintiff's motion to compel [55] is granted.  In this motion, plaintiff seeks a copy of his entire medical file from defendants.  In its September 18, 2008 Scheduling and Case Management Order [47], the court ordered that defendants produce to plaintiff a copy of his medical records from September 2007 to the present.  Plaintiff claims that defendants have only produced medical records pertaining to his incarceration at WCCF.  Defendants have not responded to this motion.  The court agrees with plaintiff that a copy of his entire medical file may contain information relevant to the issues in this lawsuit.  Accordingly, to the extent that defendants have any additional medical records pertaining to plaintiff in their possession beyond what they have already produced, they shall produce them to plaintiff within twenty (20) days of the date of this Order.

  5. Plaintiff's motion for physical examination [56] is denied.  In this motion, plaintiff requests that the court appoint a doctor to perform a physical examination of him in order to prove the allegations in his complaint.  Plaintiff cites no authority in support of his request. To the extent that plaintiff seeks a medical examination under Rule 35 of the Federal Rules of Civil Procedure, which empowers a court to "order a party whose mental or physical condition...is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner," such a request is unavailing.  Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. U.S.*, 74 Fed. Appx. 611, 614 (7th Cir. Aug. 11, 2003).  "Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an

opposing party." *Id.*; *see also Cabrera v. Williams*, 2007 WL 2682163, at * 2 (D.Neb. Sept. 7, 2007) (denying prisoner's request for medical examination under Rule 35); *Lindell v. Daley*, 2003 WL 23111624, at * 1-2 (W.D. Wis. June 30, 2003) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party....The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself." (emphasis in original); *Cunningham v. Orr*, 1989 WL 516269, at * 1 (N.D. Ind. May 8, 1989) (denying pro se prisoner's motion to compel his own physical examination). Accordingly, plaintiff's motion will be denied.

6. Plaintiff's motion to proceed under District Court judge [57] is denied as moot. As all parties have not consented to the jurisdiction of the Magistrate Judge, this case remains under the jurisdiction of the District Judge. Accordingly, the relief requested in this motion is moot.

7. Plaintiff's motion to amend/correct complaint [60] is denied. In this motion, plaintiff seeks to add two additional defendants to this lawsuit: the Mississippi Department of Corrections and Corrections Corporations of America. In its September 18, 2008 Scheduling and Case Management Order [47], entered following the omnibus hearing, the court stated that no further amendments to the pleadings would be allowed "absent a showing of good cause."[1] Plaintiff has failed to establish good cause for the instant motion. Accordingly, this motion will

---

[1] Plaintiff previously moved [21] to amend his complaint to add these two defendants. That motion was denied by the court by order dated June 24, 2008 [32], as plaintiff had neither identified any claims against the two proposed defendants, nor had he demonstrated any need or reason to add these new parties. Subsequently, plaintiff again moved [34] to amend his complaint to add a different defendant (Unit Manager Walton). That motion was not opposed by defendants and it was granted at the omnibus hearing held on September 16, 2008.

be denied.

        8.      Plaintiff's motion for medical evidence to be downloaded [61] is denied.  In his motion, plaintiff requests that the defendants provide certain materials that are apparently available on the internet.  However, it does not appear that these documents are within defendants' "possession, custody or control" and, therefore, this is not an appropriate request pursuant to Rule 34 of the Federal Rules of Civil Procedure.  Accordingly, plaintiff's motion shall be denied.

        10.      Plaintiff's motion for discovery [63] is granted in part and denied in part.[2]  In his motion, plaintiff seeks to propound interrogatories [63-2] on defendant, and also requests additional documents from defendants.  The court finds that certain of the interrogatories are appropriate matters for discovery and should be allowed.  Specifically, defendants shall serve their responses to interrogatories 3, 5, and 7-16, as set forth in ecf. doc. no. 63-2, within twenty (20) days of the date of this Order.  However, the remainder of the interrogatories need not be answered, as they do not appear to seek information relevant to plaintiff's claims.  *See* Fed. R. Civ. P. 26(b)(1) & 33(a)(2).

Plaintiff also seeks the production of the following documents:  the WCCF medical policy; the MDOC medical policy; a summary of all ARP's and lawsuits filed by inmates

---

[2] The court notes that at the omnibus hearing, plaintiff was given an opportunity to identify what discovery he needed.  Plaintiff did so, and the court thereafter ordered that defendants produce certain documents to plaintiff.  In its Order [47] , the court stated: "The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation."  Nevertheless, the motions deadline is still more than a month away, and no trial date has been set.  Plaintiff's requests for additional discovery are, for the most part, reasonable, and he has set forth in detail why he needs the additional discovery.  Thus, the court finds it appropriate to grant plaintiff most of the additional discovery he is seeking.

complaining about secondhand smoke; the WCCF smoking policy regarding staff; the manual for the WCCF ventilation system; the measurements of the W-pod; and the measurements of inmates' cells.  Defendants shall produce the two medical policies, if they exist, within twenty (20) days of the date of this order.  As for a summary of all ARP's and lawsuits filed by inmates complaining about secondhand smoke, the court shall require defendants to produce such documentation only from September 2007 to the present with respect to WCCF.  Defendants shall do so within twenty (20) days of the date of this Order.  Next, the WCCF smoking policy regarding staff would appear to be encompassed with the court's September 18, 2008 Order [47] directing defendants to produce to plaintiff a copy of "all policies...relating to smoking at the prison facility were Plaintiff is housed."  Thus, to the extent that there are any additional smoking-related policies defendants have not produced, they shall do so within twenty (20) days of the date of this Order. The remainder of plaintiff's requests for documents are denied.

     SO ORDERED on this 10th day of November, 2008.

                               s/ Michael T. Parker
                               United States Magistrate Judge