IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                                                          PLAINTIFF

VS.                                            **CIVIL ACTION NO. 5:08-CV-154-DCB-MTP**

CHRISTOPHER EPPS, ET AL.                                                     DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the court on the plaintiff's motion to proceed as partial class action [64]. Having considered the motion and the entire record in this matter, the undersigned recommends that the motion be denied.

All class actions certified must meet the requirements both of subsections (a) and (b) of Rule 23 of the Federal Rules of Civil Procedure.[1] *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 471 (5th Cir.1986). The burden of establishing that these prerequisites can be met lies with the plaintiff. *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 832 (5th Cir.1983). Plaintiff has failed to demonstrate that any of Rule 23's requirements have been met. Indeed, plaintiff has not even specified the number or identities of his prospective class members. Rather, plaintiff simply identifies the proposed class as "every non-smoker at WCCF," and then sets forth the text of Rule 23 and states conclusorily that its requirements are met. Plaintiff has failed to meet his

---

[1] Rule 23(a) sets forth the following prerequisites that must be met in order to bring a class action: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(b) provides additional requirements: that prosecuting separate actions would either create a risk of inconsistent adjudications or adjudications that would impair non-parties' abilities to protect their interests, or the party opposing the class has acted or refused to act on grounds that apply generally to the class, or that common questions of law or fact predominate and a class action is superior to other methods "for fairly and efficiently adjudicating the controversy."

burden under Rule 23.

Moreover, in considering whether an individual plaintiff should be allowed to represent other members of a purported class, a court is required to consider the ability of such a representative to represent the rights of the other possible class members. *David v. Hurst*, 2003 WL 21289968, at * 1 (N.D. Tex. May 27, 2003) (citation omitted). Because plaintiff is proceeding *pro se* in this matter, he "'is inadequate to represent his fellow inmates in a class action.'" *Folse v. Jones*, 2008 WL 4909543, at * 11 n. 11 (W.D. La. Sept. 11, 2008) (citations omitted); *see also David*, 2003 WL 21289968, at * 1 ("Allowing a *pro se* plaintiff to represent a purported class is a dangerous proposition in that 'the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others.'") (citation omitted). Thus for this reason as well, the court finds that class certification should be denied.

### Recommendation

For the foregoing reasons, the undersigned recommends that plaintiff's motion to proceed as partial class action [64] should be denied.

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 24th day of November, 2008.

s/ Michael T. Parker
United States Magistrate Judge