IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                                           PLAINTIFF

VS.                                    **CIVIL ACTION NO. 5:08-CV-154-DCB-MTP**

CHRISTOPHER EPPS, ET AL.                                              DEFENDANTS

### ORDER ON MOTIONS

THIS PRISONER CIVIL RIGHTS MATTER is before the court on the plaintiff's various motions. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1.      Plaintiff's Motion for Discovery [79] is denied. In this motion, plaintiff requests that the court compel defendants to produce to him a "security tape video for W-pod from September 2007 to present." At an omnibus hearing held on September 16, 2008, plaintiff was given an opportunity to identify what discovery he needed. Plaintiff did so, and the court thereafter ordered that defendants produce certain documents to plaintiff.[1] In its September 18, 2008 Scheduling and Case Management Order [47], the court stated: "The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation." Nevertheless, the court subsequently granted further discovery requests from plaintiff and ordered [86] that defendants produce additional documents, as well as respond to interrogatories. In light of the ample discovery already granted to date, the court does not find that additional

------

[1] Defendants were ordered to produce the following documents: plaintiff's medical records from September 2007 to the present; all policies of the MDOC, WCCF and CCA relating to smoking at the prison facility where plaintiff is housed; plaintiff's ARP records; and a summary of RVR's issued to inmates at WCCF for violating the smoking policies from September 2007 to the present. *See* ecf. doc. no. 47.

discovery is justified.[2]  Accordingly, this motion shall be denied.

2.    Plaintiff's Motion for Expert Witness [80] is denied.  In this motion, plaintiff asks the court to appoint an expert witness to counter the expected testimony of defendants' expert, Dr. Ron Woodall that plaintiff is not exposed to unreasonable levels of secondhand smoke. Plaintiff requests that the court appoint two different individuals from the Jackson, Mississippi office of the American Cancer Society, who will purportedly testify about the damage to plaintiff's health caused by exposure to secondhand smoke, and how secondhand smoke increases the risk of cancer and other illnesses.

Plaintiff is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915.  Fifth Circuit precedent establishes that "'[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.'" *Hannah v. U.S.*, 523 F.3d 597, 601 (5th Cir. 2008) (*quoting Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995)).  The court may, however, appoint an expert witness at its discretion, pursuant to Rule 706 of the Federal Rules of Civil Procedure, if an indigent prisoner can establish that such an appointment is warranted. *Pedraza*, 71 F.3d at 196-97 n.5.  "Rule 706 contemplates the appointment of an expert to aid the court[,]" not for the plaintiff's benefit.  *Hannah*, 523 F.3d at 600.  Plaintiff has failed to establish that his proposed expert witnesses would aid the court.  Accordingly, the motion is denied.

3.    Plaintiff's Motion for Written Report by Expert Witness [81] is granted in part, as set forth below.

Rule 26(a)(2)(C) provides that expert disclosures must be made at least 90 days before

---

[2] The court also notes that there are potential security concerns associated with allowing an inmate access to a prison security videotape.

the date set for trial, unless the court orders otherwise. This case has not yet been set for trial. Accordingly, on or before 90 days prior to trial,[3] defendants shall provide the names, titles and employment information of any witness from whom they expect to elicit expert testimony, along with their opinions and a summary of the grounds therefor, as required under Rule 26 of the Federal Rules of Civil Procedure.

4.      Plaintiff's Motion for Examination or Copying of Discovery Documents That Led to Summary [82] is granted, as set forth below.

In this motion, plaintiff asks the court to compel defendants to provide a copy of the RVRs used in creating a summary of smoking-related RVRs that was ordered by the court [47] to be produced to the plaintiff. Plaintiff avers that he has reason to believe that the summary exaggerated the number of RVRs, and, therefore, he wishes to examine the RVRs themselves. Plaintiff initially requested all smoking-related RVRs at the omnibus hearing. Because the court was concerned that there might be a large volume of responsive documents or that privacy or safety concerns might be implicated, it instead ordered [47] the defendants to produce a summary to plaintiff.[4] That summary was apparently produced on October 16, 2008 [68]. As neither party has provided the court with a copy of the summary,[5] the court does not know whether there is a large number of RVRs listed on the summary or what information is contained in the RVRs.

---

[3] There is currently pending a Motion for Summary Judgment [114] filed by defendants on all of plaintiff's claims. Upon resolution of that Motion, the court will set the matter for trial if necessary.

[4] In its Order, the court stated that this summary was to include only a description of the violation and the date of the violation, and that the names of the inmates were not required.

[5] Defendants have not responded to this motion.

Accordingly, within ten (10) days of this Order, defendants shall either produce the smoking-related RVRs used in creating the summary produced to plaintiff, or shall set forth in detail why these documents should not be produced or should be produced in redacted form.

5.    Plaintiff's Motion for Court Ordered Depositions [88] is denied.  In this motion, plaintiff seeks to depose various defendants concerning the following topics (as stated by plaintiff): 1) Who is responsible for seeing that an inmate who complains of serious medical ailments receives treatment; 2) What are the procedures WCCF staff are to follow when an inmate complain of serious medical ailments; 3) Why the plaintiff has not received medical treatment; 4) Why the plaintiff is still in the cell with smoking inmates; 5) How each defendant is involved in the enforcement of the prison smoking policy; 6) Whether the plaintiff could have been moved to another facility that has a no smoking policy; 7) Has any of the defendants been sued for exposing inmates to extreme levels of secondhand smoke; and 8) What the defendants have done if anything, concerning the plaintiffs' complaints of exposure to secondhand smoke and denial of medical care since the suit was filed.

As noted *supra*, it is stated in the Scheduling and Case Management Order [47]:  "The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation."  Plaintiff has had "ample opportunity to obtain the information by discovery in th[is] action."  *See* Fed. R. Civ. P. 26(b)(2)(C).  Indeed, several of the topics on which plaintiff wishes depose defendants have been addressed in interrogatories and document requests previously propounded on defendants with leave of court.   Accordingly, this motion is denied.

6.    Plaintiff's Motion for Supplemental Pleadings re Complaint [101] is denied.  In this

motion, plaintiff seeks to add claims relating to recent incidents in which he was allegedly denied treatment for medical problems related to his exposure to secondhand smoke.  In its September 18, 2008 Scheduling and Case Management Order [47], entered following the omnibus hearing, the court stated that no further amendments to the pleadings would be allowed "absent a showing of good cause."[6]  Plaintiff has failed to establish good cause for the instant motion.  Moreover, plaintiff has had ample opportunities to amend his pleadings, and has already done so twice.  In addition, plaintiff was allowed to clarify his claims during his *Spears* hearing.  Allowing plaintiff to continue to add claims and parties as they arise will only delay the disposition of the numerous claims and parties currently before the court.  *See Singletary v. St. Tammany Parish Sheriff*, 2005 WL 3543826, at *1 (E.D. La. Nov. 17, 2005) (denying plaintiff's motion to amend, reasoning that "[j]ustice does not require that he be allowed to continually amend his complaint to add new claims as they occur . . . . At some point, continual revisions to the complaint to add new claims thwart the ends of justice, in that they delay resolution of the pending claims").  Accordingly, this motion will be denied.

7.    Plaintiff's Motion for Supplemental Pleadings re Complaint [102], which seeks to add claims relating to the recent alleged denial of medical treatment, is denied for the same reasons set forth *supra* with respect to [101].

SO ORDERED on this 16th day of December, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[6] Plaintiff previously moved [34] to amend his complaint to add an additional defendant. That motion was granted at the omnibus hearing held on September 16, 2008.  In addition, plaintiff was allowed to amend his complaint as recently as November 10, 2008 [86] to make changes in the relief he is seeking.