IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                                                      PLAINTIFF

VS.                              **CIVIL ACTION NO. 5:08-CV-154-DCB-MTP**

CHRISTOPHER EPPS, ET AL.                                         DEFENDANTS

## ORDER ON MOTIONS

THIS PRISONER CIVIL RIGHTS MATTER is before the court on the plaintiff's various motions. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

      1.     Plaintiff's Motion to Compel Discovery [109] is granted in part and denied in part. In this motion, Plaintiff complains that defendants have not produced all the documents they were ordered to produce by the court in its November 10, 2008 Order [86], and have not provided full and complete answers to his interrogatories. In addition to seeking an order compelling defendants to provide this discovery, Plaintiff requests that the court order Defendants to pay him the sum of $300.00.

        In their response [111], Defendants represent that they have produced to Plaintiff all responsive documents within their possession, custody or control. Having reviewed the documents produced by Defendants [111-2] the court agrees, with one exception. The November 10 Order [86] directed Defendants to produce WCCF and MDOC medical policies. Defendants contend that they have produced smoking-related policies, but to the extent that Plaintiff seeks different policies, they do not know what they are because Plaintiff has failed to sufficiently identify them. However, in his Motion for Additional Discovery [63], which was granted by the court in its November 10 Order, Plaintiff explained that he was seeking the WCCF and MDOC

medical policies "to see what are the procedures that medical staff are to follow when an inmate submits a sick call for treatment." This information is sufficient for Defendants to be able to determine whether any responsive documents exist. Accordingly, Defendants are to produce the medical policies, if any, within ten (10) days of the date of this Order. The remainder of the relief sought by Plaintiff with respect to the document production is denied.

The court has reviewed Defendants' responses to Plaintiff's interrogatories [112-2] and finds that the majority of them are appropriate. However, with respect to Interrogatories 9-13, to which Defendants have objected on the ground that they seek information not reasonably calculated to lead to the discovery of admissible evidence, the court finds that Defendants should provide responses. Accordingly, Defendants shall respond to Interrogatories 9-13 within fifteen (15) days of the date of this Order, except that they need not respond to the portions of those interrogatories seeking their personal opinions. The remainder of the relief sought by Plaintiff with respect to the interrogatory responses is denied.[1]

Finally, Plaintiff's request for $300.00 is denied, as the majority of the relief sought in the motion has been denied and as he has not demonstrated that he incurred these expenses in filing this motion.

---

[1] Defendants argue that Plaintiff's motion should be denied because he has failed to comply with Local Rules 37.1(A) (requiring that counsel, prior to service of a discovery motion, confer in good faith to determine whether the issue can be resolved without court intervention and file a Good Faith Certificate with all discovery motions) and 37.1(B) (requiring that motions concerning discovery shall quote verbatim each discovery request in question and shall state the specific objection, the grounds for the objection, and the reasons supporting the motion, and providing that objections and grounds may not be general in nature). Although the court agrees that Plaintiff has failed to comply with these rules, the court desires to resolve this motion in the most expeditious manner possible - which would not be to require Plaintiff to re-file the motion or to confer with Defendants, as suggested by Defendants. Moreover, as a practical matter, Plaintiff's present incarceration limits his ability to confer with Defendants.

2. Plaintiff's Motion for Additional Discovery [110] is denied. As noted in previous orders, at an omnibus hearing held on September 16, 2008, Plaintiff was given an opportunity to identify what discovery he needed. Plaintiff did so, and the court thereafter ordered that defendants produce certain documents to Plaintiff. In its September 18, 2008 Scheduling and Case Management Order [47], the court stated: "The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate given the issues at stake in this litigation." Nevertheless, the court subsequently granted further discovery requests from plaintiff and ordered [86] [117] that defendants produce additional documents, as well as respond to interrogatories. In light of the ample discovery granted to date, the court does not find that additional discovery is justified, particularly where the deadline for the filing of dispositive motions expired nearly one month ago, and where dispositive motions are, in fact, currently pending before the court. Accordingly, Plaintiff's motion is denied.

3. Plaintiff's Motion Objecting to Defendants' Proposed Picture Exhibit [121] is denied as premature. In this motion, plaintiff objects to a photograph taken by defendants and requests that it not be shown to the jury should this case proceed to trial. As the case has not yet been set for trial, this motion is premature and is denied.

4. Plaintiff's Motion to Proceed Against Defendants in their Individual or Official Capacities [122] is moot. Plaintiff's complaint does not specify whether he is suing defendants in their individual or official capacities, or both. Thus, the court assumed that Plaintiff intended to proceed against Defendants in both capacities. *See Olabisiomotosho v. City of Houston*, 185

F.3d 521, 524 n.3 (5th Cir. 1999). Accordingly, Plaintiff's motion is moot.[2]

    5. Plaintiff's Motion for Discovery [123] is denied. In this motion, Plaintiff seeks leave of court to propound an unspecified number of additional interrogatories on defendants because of "additional matters" (again, unspecified) discovered by plaintiff after reviewing defendants' answers to his first set of interrogatories, and "new occurances [sic]", such as Plaintiff allegedly suffering a stroke and heart attack recently. As noted above, plaintiff has received ample discovery and the court does not find that additional discovery is justified. Moreover, Plaintiff has failed to demonstrate to the court why he needs to propound additional interrogatories to Defendants. Accordingly, this motion is denied.

    6. Plaintiff's Motion for Discovery [132] is denied. In this motion, Plaintiff seeks to distribute a questionnaire to every inmate at WCCF, arguing that it is the only way he can obtain accurate information about the extent of the secondhand smoke problem at WCCF. As noted above, however, Plaintiff has already received ample discovery in this action. The dispositive motions deadline has passed, and there are currently dispositive motions pending before the court. Accordingly, this motion is denied.

    7. Plaintiff's Motion for Leave to Propound Interrogatories [135] is denied, for the same reasons set forth *supra* with respect to [123] and [132]. In addition, Plaintiff has already propounded 12 interrogatories with leave of court [86] and, therefore, his proposed additional interrogatories (25 plus numerous sub-parts) would exceed the maximum allowable interrogatories (30). *See* Fed. R. Civ. P. 33. Thus, for this reason as well, the motion is denied.

---

[2] Of course, by granting the motion the court is not expressing an opinion about whether Plaintiff may prevail on any claims against any of these defendants, either officially or individually.

8. Plaintiff's Motion for Leave to Propound Requests for Admission [136] is denied. First, as noted *supra*, the discovery deadline has passed. In addition, the court finds that the proposed Requests for Admission are unnecessary, as they simply ask whether certain of Defendants' responses to interrogatories are, in fact, true. Accordingly, the motion is denied.

9. Finally, the court cautions Plaintiff that his *pro se* status does not relieve him of the requirements of Rule 11 of the Federal Rules of Civil Procedure.[3] "While the district court is obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct ... On the contrary, Rule 11 as then in force, mandated that such activity be punished regardless of its source, and Congress specifically amended the rule in 1983 to include pro se litigants." *Knighten v. Cave & McKay*, 32 F.3d 566, at * 3 (5th Cir. 1994). A number of the motions recently filed by Plaintiff are duplicative of earlier motions previously addressed by this court (sometimes more than once) and, therefore, are frivolous. In light of the expiration of the motions deadline and the fact that there are currently pending before the court several dispositive motions, as well as numerous other motions recently filed by Plaintiff,[4] the court shall grant Defendants' Motion for Sanctions [154], and shall order that Plaintiff shall not file any additional motions without prior leave of court.

SO ORDERED on this 14th day of January, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] Rule 11(b) provides that by presenting a pleading, motion or other paper to the court, an attorney or unrepresented party certifies, *inter alia*, that it is not being presented to harass, cause unnecessary delay or costs; and that all claims and contentions are supported by law or fact.

[4] To date, Plaintiff has filed at least 58 motions, of which approximately 25 are currently pending before the court.