IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                                    PLAINTIFF

VS.                                   CIVIL ACTION NO. 5:08-cv-154(DCB)(MTP)

CHRISTOPHER EPPS, ET AL.                                        DEFENDANTS

ORDER

This cause is before the Court on the plaintiff's motion for appeal transcript at government expense **(docket entry 180)**. Having carefully considered the motion, and being fully advised in the premises, the Court finds as follows:

The plaintiff seeks a transcript of his omnibus hearing of September 16, 2008. "Fees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). "In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997).

The plaintiff fails to specify how a transcript of his omnibus hearing is necessary to effectively argue his appeal. He has not addressed why he is unable to argue his appeal based on his personal knowledge of the hearing, as well as on the motions and orders addressing those motions. Moreover, as this is an unauthorized interlocutory appeal, 28 U.S.C. § 1292, it is also

frivolous.[1]  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for appeal transcript at government expense **(docket entry 180)** is DENIED.

SO ORDERED, this the 1st day of April, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff does not state which of his four pending appeals requires the transcript.  He has filed the following notices of appeal: (1) docket entry 71 (filed November 3, 2008), (2) docket entry 90 (filed November 20, 2008), (3) docket entry 141 (filed January 6, 2009), and (4) docket entry 171 (filed February 2, 2009).  Apparently he is requesting the transcript only in connection with his November 3, 2008, appeal.  However, all four appeals are unauthorized interlocutory appeals.