IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LATRELL ADAMS**                                                                                                                 **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 5:08-CV-154-DCB-MTP**

**CHRISTOPHER EPPS, ET AL.**                                                                            **DEFENDANTS**

## ORDER ON MOTIONS

THIS PRISONER CIVIL RIGHTS MATTER is before the court on the Plaintiff's various motions. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1. Plaintiff's "Motion Objecting to Claims Order" [83] is denied. In this motion, Plaintiff argues that the court's summary of Plaintiff's claims set forth in its September 18, 2008 Scheduling and Case Management Order [47] fails to set forth all of Plaintiff's claims. However, the court finds that the Order fairly and accurately summarizes the claims set forth in Plaintiff's complaint [1] and amended complaints [34] [51], as well as Plaintiff's sworn testimony at the *Spears* hearing held on September 16, 2008. Moreover, the claims Plaintiff seeks to add[1] already appear to be encompassed within the court's summary of Plaintiff's claims in the Scheduling and Case Management Order. Accordingly, this motion is denied.

2. Plaintiff's "Motion Seeking Perjury Charges Against Defendant S. Jackson for Submitting False Information in an Affidavit and Interrogatory" [139] is denied. In this motion, Plaintiff claims that Defendant Sandra Jackson lied in response to an interrogatory propounded

---

[1] These claims are (as stated by Plaintiff): "1) a claim for potential future harm arising from exposure to ets; 2) a present injury claim stemming from deliberate indifference to existing medical needs caused by ets; 3) deliberate indifference to serious medical need to be placed in smokefree environment; and 4) deliberate indifference to serious medical need to receive medical treatment."

by Plaintiff (Interrogatory No. 3) asking whether she had personally written any Rule Violation Report (RVR) to inmates for violating the smoking policy at WCCF. Plaintiff claims that Defendant Jackson stated in response: "Upon information and belief none of these defendants have personally written RVRs to inmates for violating the smoking policy."[2] Apparently, Defendant Jackson submitted an affidavit in support of Defendants' Motion for Summary Judgment in which she stated that she had "on occasion caught inmates smoking outside the designated areas. On each of these occasions I issued a Rule Violation Report to these inmates." *See* ecf. doc. no. 139-2 at 3. Plaintiff claims that this discrepancy was a "malicious and intentional" lie on the part of Defendant Jackson in order to gain dismissal of Plaintiff's claims.

In response to the motion, Defendants point out that the interrogatory responses were provided by counsel for Defendants, based upon their information and belief at that time. However, interrogatories are to be answered and signed by the *party* to whom they are directed, not the attorney. *See* Fed. R. Civ. P. 33(b)(1)(A), (b)(5); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2172 (2d ed. 1994). A direct answer by Defendant Jackson to the interrogatory at issue should have been provided in the first instance and might have prevented the instant dispute and much of the confusion.

However, sanctions are not warranted. Defendant Jackson's subsequent affidavit provided more details and clarification, including supplemental information regarding Rules Violation Reports. Plaintiff has suffered no prejudice and there was clearly no intent to mislead him. Indeed, as part of discovery, Plaintiff was provided copies of all smoking-related RVRs issued at WCCF during the relevant time period. While the interrogatory answer could have

---

[2] Interrogatory No. 3 and the response thereto are not attached to Plaintiff's motion.

2

been more complete, Defendants did provide the Plaintiff with the information he had requested. Plaintiff has failed to establish that there was any intent to mislead him, to mislead the court or to provide him with false information.

Plaintiff also claims that Defendant Jackson lied in response to Interrogatory No. 15, where she stated that there were no lawsuits currently pending against any of the Defendants concerning secondhand smoke. *See* ecf. doc. no. 139-2 at 1. In support of this claim, Plaintiff has attached what appears to be the first page of a Complaint (*see* ecf. doc. no. 139-2 at 2) filed on February 28, 2006 in the Jackson Division (Civil Action No. 3:06cv1190). Having reviewed the entire complaint in this action, it does not appear that this lawsuit involves any claims or allegations regarding secondhand smoke.[3] Moreover, the interrogatory in question asks whether there were any lawsuits "currently pending." Thus, as the lawsuit was dismissed with prejudice by Order dated March 25, 2008 (*see* ecf. doc. no. 164-2), even assuming *arguendo* that it related to secondhand smoke, Defendant Jackson's response still would have been correct.

Based on the foregoing, there is simply no basis for this portion of the instant motion. The court once again reminds Plaintiff that his *pro se* status does not relieve him of the requirements of Rule 11 of the Federal Rules of Civil Procedure.[4] "While the district court is

---

[3] Plaintiff's claims in that lawsuit can be summarized as follows: denial of religious services; denial of freedom of speech; mailroom fraud; denial of recreational opportunities; denial of access to counselors, job and educational opportunities; denial of proper good time credits; denial of legal access; illegal searches by prison staff; racial discrimination by prison staff; inadequate food; denial of hygiene items; denial of due process through the ARP; denial of adequate medical services; harassment; and "mental abuse."

[4] Rule 11(b) provides that by presenting a pleading, motion or other paper to the court, an attorney or unrepresented party certifies, *inter alia*, that it is not being presented to harass, cause unnecessary delay or costs; and that all claims and contentions are supported by law or fact.

obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct ..." *Knighten v. Cave & McKay*, 32 F.3d 566, at * 3 (5th Cir. 1994). Any similar conduct by Plaintiff in the future may result in sanctions which may include revocation of Plaintiff's right to proceed *in forma pauperis* in this matter or dismissal of his claims.

    3. Plaintiff's "Motion to Bring Contempt of Court Charges Against Defendants' Lawyers" [146] is denied. This motion contains arguments nearly identical to those put forth by Plaintiff in [139], except that this motion directs its accusations against Defendants' attorneys. For the reasons set forth *supra* with respect to [139], this motion is denied.

    4. Plaintiff's "Motion Seeking Perjury/Contempt of Court Charges Against Defendant J. Banks for Submitting False Information in an Interrogatory Response" [147] is denied. In this motion, Plaintiff seeks perjury charges against Defendant Banks based on her response to Interrogatory No. 15, discussed *supra* with respect to [139]. This motion has no merit and for the reasons set forth above with respect to [139], it shall be denied.

    5. Plaintiff's "Motion for Rule 11 Sanctions" [160] is denied. This motion is nearly identical to [146], except that it seeks Rule 11 sanctions against Defendants' attorneys. This motion has no merit and for the reasons set forth *supra* with respect to [146], it shall be denied.

    6. Plaintiff's "Motion Seeking Perjury/Contempt of Court Charges Against Jodie Bowman for Submitting False Information in a Sworn Affidavit" [161] is denied. In this motion, Plaintiff claims that Defendant Bowman submitted an affidavit on December 15, 2008 in support of Defendants' Motion for Summary Judgment (*see* ecf. doc. no. 161-2) in which she made various false statements regarding Plaintiff's requests for medical treatment. Having reviewed

the motion, the court finds it to be without merit and, accordingly, it is denied.

    SO ORDERED on this 23rd day of June, 2009.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge