IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:08cv154(DCB)(MTP)

JACQUELINE BANKS, SANDRA JACKSON,
LAWRENCE WALTON, AND BRYAN SHUCKROW                       DEFENDANTS

ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 199)**, the plaintiff's objections thereto, and the defendants' objections. Having carefully considered the recommendations of the magistrate judge, the objections, and the applicable law, the Court finds as follows:

The plaintiff, Latrell Adams, an inmate currently incarcerated at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi, filed this pro se law suit pursuant to 42 U.S.C. § 1983. Adams asserts claims under the Eighth Amendment against Warden Jacqueline Banks, Assistant Supervisor Sandra Jackson, Unit Manager Lawrence Walton, and Licensed Practical Nurse Bryan Shuckrow, for exposure to unreasonable levels of secondhand smoke or "environmental tobacco smoke" ("ETS") and for denial of adequate medical care.

All defendants have moved for summary judgment, and the plaintiff has moved for summary judgment on his claim against defendant Bryan Shuckrow. In his Report and Recommendation,

Magistrate Judge Parker finds that Adams failed to exhaust his administrative remedies against defendant Walton. After he filed a request for administrative remedy against Walton, but before receiving a ruling, Adams moved to amend his complaint in this Court to add Walton as a defendant. He subsequently voluntarily dismissed his request for administrative remedy. The plaintiff's objection is without merit. The addition of Walton as a defendant was premature inasmuch as Adams had not exhausted his administrative remedies, and Walton shall be dismissed without prejudice.

As for defendants Banks and Jackson, the claims against them are governed by Helling v. McKinney, 509 U.S. 25, 35 (1993), in which the Supreme Court established a two-prong test to determine whether a claim for exposure to ETS violates the Eighth Amendment. First, the plaintiff must show that he was exposed to unreasonably high levels of ETS. Id. Second, he must show that the prison officials acted with deliberate indifference to his situation. Id. Magistrate Judge Parker found that there are genuine issues of material fact as to both elements of the Helling test. The defendants object to these findings.

Regarding the first element, "[t]he Fifth Circuit has recognized potential environmental tobacco smoke claims where exposure to tobacco smoke was severe and sustained, such as when the plaintiff shared living quarters with a smoker or was required

2

to work in a smoke-filled environment." Murrell v. Chandler, 2007 WL 869568 *5 (E.D. Tex. March 21, 2007)(citing Whitley v. Hunt, 158 F.3d 882, 887-88 (5th Cir. 1998) and Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997)). In this case, Adams complains that he has been housed with roommates who smoke in his cell, and that within the W-pod area outside his cell are 35 inmates who also smoke. He states that exposure to ETS has caused him to suffer nausea, chest pains, difficulty breathing, headaches, vomiting, and inability to eat, as well as a mild stroke or heart attack, blurred vision in his left eye, impaired ability to walk, numbness of his left side, and severe back pain. He has produced affidavits from Kendrick Jones, Adams' roommate from September 2007 to June 2008, who states that he smoked four to five packs of cigarettes in the cell every day, and from Brian Peeks, Adams' roommate from June 2008 who states that he smokes two packs of cigarettes a day in the cell despite Adams' protests. The affidavits also state that Adams is allergic to ETS, and has to cover his head with blankets and sheets. The plaintiff and the affiants further state that smoking policies prohibiting smoking in these areas are not enforced. The plaintiffs' evidence is enough to create a genuine issue of material fact. See Murrell v. Chandler 277 Fed.Appx. 341, 343 (5th Cir. 2008).

The second Helling prong requires the plaintiff to prove deliberate indifference. As a threshold matter, there is no

3

respondeat superior liability on the part of supervisors. "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." Jolly v. Klein, 923 F.Supp. 931, 943 (S.D. Tex. 1996). Adams and Jones state that they made both written and verbal requests to defendants Banks and Jackson that because of Adams' allergic reaction to ETS, and because the smoking policy was not being enforced, he should be placed in a cell with a nonsmoker, but these requests were refused by the defendants themselves. The defendants concede that they were personally involved when they state, "[I]n response to plaintiff's grievance both ETS Defendants went to W-pod to investigate and both found that the policies were being enforced." Defendants' Objections, p. 2. See Murrell v. Chandler, 277 Fed.Appx. at 343-44; Murrell v. Casterline, 307 Fed.Appx. 778, 780 (5th Cir. 2008); see also Harris v. Howard, 2009 WL 537550 *10 (N.D. N.Y. March 3, 2009). Banks and Jackson argue that they sufficiently investigated and responded to Adams' grievances. However, Adams has presented enough evidence to create a question of fact to defeat summary judgment on this issue.

Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he

4

must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The plaintiff's evidence creates a genuine fact issue regarding whether the complaints made by Adams were sufficient for the defendants to infer that ETS posed a substantial risk of serious harm to Adams. See Murrell v. Chandler, 277 Fed.Appx. at 343-44; Murrell v. Casterline, 307 Fed.Appx. at 780. The question of whether they drew the inference can be shown by circumstantial evidence. See Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999)("A fact finder may conclude that a defendant drew this inference from 'the very fact that the risk was obvious.'")(quoting Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996)); Person v. District of Columbia, ___ F.Supp.2d ___, 2009 WL 2487324 (D. D.C. Aug. 17, 2009). The defendants' objections to the magistrate judge's findings on the ETS claim are without merit.

The plaintiff's claim for denial of medical care is governed by Estelle v. Gamble, 429 U.S. 97 (1976). In order to prove that a denial of medical care constituted cruel and unusual punishment, the plaintiff must demonstrate that prison officials showed "deliberate indifference to serious medical needs." Id. at 104. First, the plaintiff must show that he had an objectively serious medical need, i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farmer, 511 U.S. at 834. Second, the defendants must

5

have acted with a "sufficiently culpable state of mind," id.; "that is, [they] must have been aware of the prisoner's medical need and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." Dye v. Lomen, 40 Fed.Appx. 993, 996 (7th Cir. 2002)(citing Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001)). The report and recommendation finds that defendants Banks and Jackson should be dismissed, because Adams has not produced any evidence that they were personally involved in a decision to deny him medical care. The Court agrees with and adopts this finding.

As for defendant Shuckrow, the evidence submitted by the plaintiff shows three Sick Call Request Forms submitted by Adams to medical personnel in which he stated he was experiencing coughing, chest pains, nausea, dizziness, difficulty breathing and vomiting as a result of exposure to secondhand smoke. Defendant Shuckrow was apparently the nurse responsible for reviewing and responding to the request forms. According to the plaintiff, Shuckrow ignored his first request and told him to stop complaining about secondhand smoke. Shuckrow denied the second request in writing:

> Subjective: This is a no-smoking facility. The inmates on your zone that smoke are required to smoke in a designated area only.
>
> Objective: If someone is smoking in your room you need to take this up with your unit manager. This is not a medical issue.
>
> Plan: Talk to unit manager about your problem.

Sick Call Request Form, Medical Services, September 25, 2007. The

third request was also ignored according to Adams who claims Shuckrow again told him to stop complaining about secondhand smoke. Shuckrow denies the plaintiff's allegations, and claims that he was attentive to the plaintiff's complaints. Both sides have moved for summary judgment on this issue. The report and recommendation finds that there are genuine issues of material fact concerning the seriousness of the plaintiff's condition as well as the nature of the defendant's responses and whether these constitute deliberate indifference. The Court agrees, and finds that both motions for summary judgment should be denied.

The Court therefore adopts the Report and Recommendation in its entirety. In addition to the recommended rulings on the summary judgment motions, the magistrate judge recommends that the defendants' motion to strike **(docket entry 157)** the plaintiffs' supplemental response to the defendants' motion for summary judgment be denied as moot, and that the plaintiff's motion to strike **(docket entry 151)** defendants' affidavits be denied. These findings are adopted as well. The plaintiff's motion to delay ruling on defendants' motion for summary judgment **(docket entry 162)** shall also be denied. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 199)** is adopted in its entirety;

FURTHER ORDERED that the defendants Jacqueline Banks, Sandra

7

Jackson, Lawrence Walton, and Bryan Shuckrow's motion for summary judgment **(docket entry 114)** is granted in part and denied in part as follows: GRANTED as to defendant Walton, and GRANTED as to the denial of medical care claim against defendants Banks and Jackson; DENIED as to the remaining claims against defendants Banks, Jackson and Shuckrow;

FURTHER ORDERED that defendant Lawrence Walton is dismissed from this action without prejudice;

FURTHER ORDERED that the plaintiff Latrell Adams' motion for summary judgment **(docket entry 119)** is DENIED;

FURTHER ORDERED that the defendants' motion to strike **(docket entry 157)** the plaintiffs' supplemental response to the defendants' motion for summary judgment is DENIED AS MOOT;

FURTHER ORDERED that the plaintiff's motion to strike **(docket entry 151)** defendants' affidavits, and the plaintiff's motion to delay ruling on defendants' motion for summary judgment **(docket entry 162)** are DENIED.

SO ORDERED, this the 30th day of September, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE