IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATRELL ADAMS                                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO. 5:08-CV-154-DCB-MTP

CHRISTOPHER EPPS, ET AL.                                                                      DEFENDANTS

## ORDER ON MOTIONS

THIS MATTER is before the court on Plaintiff's various motions. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1. Plaintiff's Motion to Set Trial Date [229] is granted. As Plaintiff's appeals have all been disposed of, the court finds that this matter is now ready to proceed to trial and shall set this matter for trial by separate order within twenty days of the date of this order.

2. Plaintiff's Motion to Change Relief Requested [230] is granted. In the motion, Plaintiff seeks to change the relief he previously requested in his complaint "because it was excessive." No objection or response has been filed by Defendants. The court finds that the motion should be granted. Plaintiff need not file any additional pleadings, as his complaint shall be deemed amended as set forth in the Motion [230].

3. Plaintiff's Motion to Amend/Correct Complaint [231] is granted. In the motion, Plaintiff contends that his real name is Scott T. Black, and he seeks leave of court to amend the docket to include that name, along with Latrell Adams. Attached to the motion are a January 25, 2005 Judgment of Conviction (for burglary) and February 25, 2005 Sentencing Order from the Circuit Court of Lauderdale County, Mississippi for "Latrell Dewayne Adams aka Scott Tremayne Black." The birth date listed for Plaintiff is the same as that on the Mississippi Department of Corrections website. The court finds that Plaintiff's motion - which has not been

responded to by Defendants - should be granted. The clerk of the court is directed to amend the docket to refer to Plaintiff as "Latrell Adams a/k/a Scott T. Black."

4. Plaintiff's Motion for Discovery [232] is granted in part and denied in part. In the motion, Plaintiff seeks a copy of various medical records from November 2008 and a sick call request from November 24, 2008 which, according to Plaintiff, will demonstrate at trial that he had a stroke and mild heart attack at that time due to secondhand smoke exposure. Plaintiff also seeks a copy of security videotapes from the W-Pod to show that inmates smoke wherever they want to. Finally, Plaintiff seeks a copy of the sick call policy of Corrections Corporation of America (CCA), which Plaintiff claims Defendants were previously ordered to produce but has not.

With respect to the sick call policy, the record reflects that on October 7, 2008, Plaintiff filed a motion for discovery seeking, *inter alia*, the WCCF and MDOC "medical policies" regarding what procedures to follow when inmates submit sick call requests. *See* [63]. By Order [86] dated November 10, 2008, the court granted Plaintiff's requests and ordered the Defendants to file such policies, if they exist, within twenty days.[1] There is nothing in the record to indicate that Plaintiff ever requested any such policy regarding CCA.[2] Nevertheless, to the extent that the two policies identified above have not been produced, Defendants shall do so within ten (10)

---

[1] Following that Order, Plaintiff filed a Motion to Compel Discovery [109] in which he contended that Defendants had not produced the policies. In response, Defendants claimed that they did not know what policies Plaintiff was seeking because he had not sufficiently identified them. The court found that Plaintiff had provided sufficient information in his motion [63] and by Order dated January 14, 2009 directed Defendants to produce the policies, if any such policies existed, within ten days. *See* [156].

[2] The court notes that CCA is not a defendant in this action.

days.

With respect to the security videotapes, the record reflects that Plaintiff previously requested them (*see* [79]) and that request was denied by Order [117] dated December 16, 2008. As noted by the court in that Order, Plaintiff was given an opportunity to identify what discovery he needed at an omnibus hearing held on September 16, 2008. Plaintiff did so, and the court thereafter ordered that defendants produce certain documents to Plaintiff. In its September 18, 2008 Scheduling and Case Management Order [47], the court stated: "The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate given the issues at stake in this litigation." Nevertheless, the court subsequently granted further discovery requests from Plaintiff and ordered that Defendants produce numerous additional documents, as well as respond to interrogatories. *See*, *e.g.*, [47] [86] [110] [117] [156]. In light of the ample discovery granted to date, the court does not find that additional discovery is justified or appropriate, particularly where dispositive motions have already been ruled on and the case is about to be set for trial. Accordingly, Plaintiff's renewed request for the production of the security videotapes is denied.

As for the medical records from November 2008 and the sick call request from November 24, 2008, the motion is granted. At the omnibus hearing held on September 16, 2008, Defendants were ordered to produce Plaintiff's medical records to him. Defendants apparently produced the records as ordered. However, the records at issue in the instant motion relate to medical treatment requested and/or provided after the omnibus hearing was held and after the Scheduling and Case Management Order was entered. As these records were not in existence at the time of the hearing and the Order, and as they are potentially relevant to Plaintiff's claims, the

3

court finds good cause to order their production outside of the previously-set discovery deadline. Accordingly, Defendants shall produce to Plaintiff within ten (10) days a copy of his medical records from November 2008, as well as a copy of his sick call request from November 24, 2008.

     5. Plaintiff's Motion for Discovery [235] is denied. In the motion, Plaintiff seeks a copy of the following documents: 1) NCCHC P-F-05/J-F-05; 2) JCAHO EC.1.30; 3) NCCHC J-F-05; and 4) NCCHC P-F-05. It is not clear from the motion what these documents are, although based on certain statements made by Plaintiff it appears they may be various "National Correctional Health Standards" regarding secondhand smoke. Not only is it not clear what the documents are, it is not clear that they are in Defendants' possession, custody or control and, therefore, this does not appear to be a proper request pursuant to Fed. R. Civ. P. 34. Moreover, Plaintiff previously requested at least three of these documents (*see* [110]), and that request was denied by Order [156] dated January 14, 2009, for the same reasons as in the court's December 16, 2008 Order [117], discussed *supra*. Thus, for all of the foregoing reasons, Plaintiff's motion is denied.

     6. Motion for Ruling on Motions [239] is denied as moot. As all of the motions on which Plaintiff seeks a ruling have been addressed herein or by separate orders, this motion is denied as moot.

     SO ORDERED on this 23rd day of April, 2010.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge